UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CRIMINAL ACTION NO. 5:12-CR-00031-TBR

DEMARCUS CARNELL GEORGE                                                  MOVANT/DEFENDANT

v.

UNITED STATES OF AMERICA                                                    RESPONDENT/PLAINTIFF

### MEMORANDUM OPINION AND ORDER FOR EXPANSION OF THE RECORD

By counsel, Movant filed a joint motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and for an evidentiary hearing. Docket Number (DN) 49. Respondent has responded in opposition to the motion, and Movant has replied. DN 55 and 56. The Court referred this matter to the undersigned Magistrate Judge for report and recommendation. DN 54.

Because it appears that Movant may have withheld the full factual and legal bases in support of his motion to vacate pending ruling by the Court on his request for an evidentiary hearing, the Court shall exercise its discretion, pursuant to Rule 7 of the Rules Governing Section 2255 Proceedings for the United States District Courts, to expand the record. Based upon the expanded record, the Court shall then determine whether an evidentiary hearing is necessary and, if not, deny the request for evidentiary hearing and proceed to a consideration of the merits of the motion to vacate.

### Background and Procedural History

Movant appended to his motion to vacate two affidavits to the effect that his trial counsel misinformed him that his Guideline Range would be 4 to 7 years (48 to 84 months). DN 49-1 and 49-2. In light of this mis-advice, Movant allegedly accepted the United States' written offer to plead guilty in exchange for a recommendation of a sentence "at the lowest end of the applicable Guideline Range." Plea agreement, DN 28, Paragraph 10.

Movant pled guilty. Change of plea proceeding, DN 50. Thereafter, the Presentence Investigation Report (PSI) revealed that he qualified as a career offender, which made his Guideline Range 151 to 188 months. PSI, DN 38, Paragraph 72. The Court sentenced Movant to 151 months imprisonment. Sentencing hearing, DN 52.

Movant claims that counsel was ineffective for misinforming him with respect to his Guideline Range and that, but for the error, he would not have pled guilty but would have insisted on proceeding to trial.

**Analysis**

To establish ineffective assistance of counsel, Movant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense so as to render the result of the proceeding unreliable. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

In a guilty-plea context, while the performance prong of *Strickland* remains the same, to establish prejudice, Movant must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). "This is an objective, not a subjective, test: the bare recitation of the fact that you would have gone to trial had you received different advice is not enough." *Maiyo v. United States*, 2014 WL 3932130 (6th Cir.). "[T]o obtain relief on this type of claim, a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010).

The Court shall consider the prejudice prong first.

**Movant has failed to allege facts sufficient to support
the prejudice prong of his ineffectiveness claim.**

*Hill v. Lockhart*, supra, instructs that, to determine whether a reasonable person in Movant's position would have insisted on proceeding to trial, the Court should consider "the [likely] outcome at a possible trial." *Hill* at 60. If the likely outcome is the same or worse than what was achieved by pleading

2

guilty, there was no prejudice. "As we explained in *Strickland v. Washington*, supra, these predictions of the outcome at a possible trial, where necessary, should be made objectively, without regard for the 'idiosyncrasies of the particular decisionmaker.'" *Hill* at 59-60 quoting *Strickland* at 695.

Movant has not alleged that he is actually innocent or a reason why the jury might have acquitted him or why the Court might have sentenced him below the Guideline Range. Therefore, based on the current record, if Movant had proceeded to trial (knowing full-well his true Guideline Range), it appears that his best-case scenario would have been conviction followed by the same Guideline-minimum sentence he received pursuant to the plea agreement. From an objective perspective, counsel's alleged miscalculation of the Guideline Range was not prejudicial. As in the example described in *Hill*,"[i]t is inconceivable to us ... that [but for counsel's alleged ineffectiveness, Movant] would have gone to trial ..., or that if he had done so he either would have been acquitted or, if convicted, would nevertheless have been given a shorter sentence than he actually received." *Hill* at 59 quoting *Evans v. Meyer*, 742 F.3d 371, 375 (7th Cir.1984).

Movant shall be given an opportunity to supplement the record to show that trial counsel's alleged ineffectiveness was prejudicial.

**Movant has failed to cite adequate authority
in support of the performance prong of his ineffectivenss claim.**

In its response in opposition to Movant's motion, Respondent did not submit an affidavit from trial counsel or deny Movant's claim that counsel misadvised him with respect to his Guideline Range. Therefore, the Court will assume, for the sake of argument, that Movant's allegation is factually correct.

As explained in *Tollett v. Henderson*, 411 U.S. 258, 267 (1973), any pre-plea ineffectiveness is waived and the only question is whether trial counsel's advice in connection with the decision to plead guilty was sufficient to render that choice voluntary and intelligent:

3

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was [ineffective].

In this case, the terms of the written plea agreement and transcript of the change of plea proceeding provide a basis for determining that the decision to plead guilty was voluntary and intelligent, thereby arguably curing any prior ineffectiveness in connection with Movant's being misinformed as the Guideline Range *(emphasis added)*:

> The Court: Mr. Fentress [i.e., the prosecutor], would you outline the substance of the written plea agreement, please.
>
> Mr. Fentress: Yes, sir. In return for the defendant's voluntary plea of guilty to Count 1, the United States will recommend a sentence of imprisonment at the lowest end of the applicable guideline range, recommend a reduction of three levels below the otherwise applicable guideline for acceptance of responsibility, at sentencing move to dismiss Counts 2 and 3, recommend not less than three years supervised release, ....
>
> The plea agreement provides that the parties have reserved for sentencing all arguments relating to the applicable guideline range. The plea agreement provides that the defendant understands that the court will independently calculate the guidelines at sentencing and the defendant may not withdraw his guilty plea if he does not agree with the calculation made by the court.
> ...
>
> The Court: Have you talked to your attorney about how the advisory sentencing guidelines may apply to your case?
>
> Defendant: Yes, sir.
>
> **The Court: Do you understand the court will be the party that will determine what your advisory sentencing guideline is?**
>
> **Defendant: Yes, sir.**
>
> (DN 50, pp. 9-11 of 14).

As outlined in *United States v. Schroyer*, 2012 WL 2917538 (S.D.Ohio), a trial court typically does not abuse its discretion in denying a motion to withdraw a guilty plea due to mis-advice by trial counsel concerning the Guideline Range:

4

In *United States v. Gibson*, 135 F.3d 11 24, 1127 (6th Cir.1998), the court held that "the fact that a defendant's guideline range is higher than expected" is not a fair and just reason for withdrawal of guilty plea. Likewise, in *United States v. Stephens*, 906 F.2d 251, 253 (6th Cir.1990), the court noted that "the mere fact that an attorney incorrectly estimates the sentence a defendant is likely to receive is not a 'fair and just' reason to allow withdrawal of a plea agreement." See also *United States v. Ford*, 15 F. App'x 303, 308 (6th Cir.2001) ("Unfulfilled subjective expectations of counsel and a defendant regarding the possible length of sentence do not render an otherwise valid plea involuntary."); *United States v. Khouri*, 169 F. App'x 459 (6th Cir.2006) (district court did not abuse its discretion in refusing to allow defendant to withdraw guilty plea where, despite attorney's erroneous advice about how much time he would serve, defendant acknowledged in court that he understood that he could be subject to the statutory maximum); *Mix v. Robinson*, 64 F. App'x 952, 956–57 (6th Cir.2003) (holding that failure to properly calculate guideline range "does not fall outside the wide range of reasonable representation," and is "not a constitutionally deficient performance rising to the level of ineffective assistance of counsel").

However, the present situation is distinguishable from the foregoing direct appeals as this is a collateral attack motion pursuant to 28 U.S.C. § 2255 alleging ineffective assistance of counsel. See *United States v. Martinez*, 430 F.3d 317, 338 (6th Cir.2005) ("As a general rule, a defendant may not raise ineffective assistance of counsel claims for the first time on direct appeal").

Movant shall be given an opportunity to provide legal authority in support of the performance prong of his ineffectiveness claim.

**Request for evidentiary hearing**

As indicated at the outset of this Report, Movant's motion contains a request for an evidentiary hearing. An evidentiary hearing is warranted "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The Court shall defer ruling on the request until after Movant has had an opportunity to expand the record as provided herein.

**ORDER**

The Court being sufficiently advised it is hereby ORDERED that, within 30 days of entry of this Order, Movant may submit additional materials relating to his motion to vacate pursuant to 28 U.S.C. § 2255. Within 15 days of submission of these materials or the expiration of the time for submitting them (whichever shall occur first), Respondent may admit or deny the correctness of the materials submitted by Movant and may submit any additional material it deems relevant.